**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------------x
In re:                                               :      Chapter 11
      Patriot Credit Company LLC, *et al.*, [1]     :      Case No. 22-10333-___
                                                    :      (Jointly Administered)
      Debtors.                                   :
-----------------------------------------------------------------x

**MOTION OF THE DEBTORS TO PERMIT EMPLOYMENT OF CFGI**
**PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) TO PROVIDE THE DEBTORS**
**WITH A CHIEF RESTRUCTURING OFFICER AND RELATED**
**MANAGERIAL SERVICES AND ASSISTANCE NUNC**
**PRO TUNC TO THE PETITION DATE**

The above-captioned Debtors and Debtors in possession (the "Debtors" or the "Company"), by and through their undersigned counsel, hereby submit this motion (the "Motion"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order substantially in the form attached hereto as **Exhibit B** to retain CFGI ("CFGI") to provide the Debtors with the continuing services of Joseph Baum as chief restructuring officer, and related relief. In support of this Motion, the Debtors rely on the declaration of Joseph Baum (the "Declaration"), a copy of which is attached hereto as **Exhibit A** and which will be supplemented prior to final approval of the relief requested herein. In further support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction & Basis**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' tax identification number, as applicable, are as follows: Patriot Credit Company LLC; 1115 Broadway; New York, NY 10010; EIN x4268 and Bluefin Capital Partners, LLC; 1115 Broadway; New York, NY 10010.

3. The statutory predicates for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code and, to the extent applicable, Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4. These are two entities involved in the financing of certain art-related receivables that are owned by the same parent entity and that largely share liabilities.

5. On April 13, 2022 (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing a case for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

6. The Debtors continue to manage and operate their businesses as Debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

7. Other than the subchapter V trustee, no trustee, examiner or committee has been requested in this Chapter 11 Case.

## Relief Requested

8. By this Application, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and, to the extent applicable, Bankruptcy Rule 2014, the Debtors seek entry of an order, substantially in the form proposed hereto as Exhibit B, granting authority to employ CFGI for the purpose of allowing Joseph Baum to continue to serve as CRO in this case.

## Basis for Relief Requested

9. The Debtors believe Mr. Baum has considerable experience in matters of this character and is well qualified to serve the Debtors in this case as CRO based Mr. Baum's expertise individual background.

10. Mr. Baum holds CPA, CIRA, CFE, and CFF certifications and has over 20 years of experience as a senior financial consultant to distressed companies both in and out of court. He has

provided financial management and consultancy services to chapter 11 Debtors across a variety of industries, including financial services, healthcare, gaming and hospitality, and retail.

11. For those reasons, the Debtors retained him to act as a CRO, upon the express approval thereof by the sole member of each Debtors, and Mr. Baum will act under the direction, control and guidance of the same.

12. Accordingly, Mr. Baum has become familiar with the Debtors and this case. The Debtors believe that the continued retention and employment of Mr. Baum will be critical to the Debtors' efforts to maximize the value of their estates for the benefit of creditors.

**<u>Services to be Rendered</u>**

13. Mr. Baum, as CRO will render, among others, the following services to the Debtors (the "Services"):

 a. working with the Debtors and their counsel to fulfill ongoing filing requirements and to prepare a bankruptcy plan and disclosure statement;

 b. working with and overseeing the Debtors' officers and professionals on the compiling and formatting of data and analyses necessary and appropriate for the Chapter 11 Cases;

 c. overseeing and coordinating various activities related to the Chapter 11 Cases;

 d. as appropriate, actively communicating with the Office of the United States Trustee for the District of Delaware and its professionals, the Court, the subchapter V trustee, individual creditors and other parties-in-interest, as appropriate;

 e. executing affidavits and providing testimony in court proceedings as required; and

 f. any and all other activities and/or services that are approved by the Debtors as their directors may from time to time determine appropriate.

**Compensation**

14. Subject to the Court's approval, and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, orders of this Court and guidelines established by the U.S. Trustee, the Debtors request that they be permitted to compensate CFGI as follows:

| Professional | Hourly Rate |
|---|---|
| CRO | $625.00 |
| Director/Managing Director | $475.00 |
| Senior Manager | $375.00 |
| Manager | $300.00 |
| Consultant | $250.00 |

15. The Debtors believe that the overall compensation structure described above is competitive with compensation generally charged by restructuring services firms of similar stature as CFGI for similar engagements, both in and out of court, and is straightforward and economical.

**Conflicts Analysis**

16. Although not directly applicable, Bankruptcy Rule 2014 requires that an application for retention include specific facts showing the necessity for the employment, the name of the firm to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation and, to the best of the applicant's knowledge, all of the firm's connections with the Debtors, creditors, any other party in interest, their

respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee. Fed. R. Bankr. P. 2014.

17. To the best of the Debtors' knowledge, except as otherwise disclosed in the Baum Declaration submitted concurrently herewith, the Applicant has not represented the Debtors, their creditors, equity security holders, or any other parties in interest, or their respective attorneys, in any matter relating to the Debtors or their estates. Further, to the best of the Debtors' knowledge, the Applicant does not hold or represent any interest adverse to the Debtors' estate, is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code, and the Applicant's employment is necessary and in the best interests of the Debtors and their estates.

**Applicable Authority**

18. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Additionally, section 105(a) of the Bankruptcy Code allows this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

19. This Court should approve the retention and appointment of the CRO, even if outside the ordinary course of business, if the Debtors demonstrate a sound business justification for the transactions. *See, e.g.*, *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983); *see also In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Delaware Hudson Ry. Co.*, 124 B.R. 169, 179 (D. Del. 1991).

20. Once the Debtors articulates a valid business justification, "[t]he business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action was in the best interests of

the company." *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (*quoting Smith v. Van Groom*, 488 A.2d 858, 872 (Del. 1985)). The business judgment rule has vitality in Chapter 11 cases and shields a Debtors' management from judicial second-guessing. *See id.*; *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("[T]he Code favors the continued operation of a business by a Debtors and a presumption of reasonableness attaches to a Debtors' management decisions"). Here, the "sound business justification" test is satisfied.

21. When supported by sound business judgment, bankruptcy courts in this District have authorized the employment by a Debtors of officers pursuant to section 363 of the Bankruptcy Code. *See In re Lehman Bros. Holdings, Inc.*, Ch. 11 Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Dec. 17, 2008) [Docket No. 2278]; *In re PRC, LLC*, Ch. 11 Case No. 08-10238 (MG) (Bankr. S.D.N.Y. Feb. 27, 2008) [Docket No. 182]; *In re Bally Total Fitness of Greater N.Y., Inc.*, Ch. 11 Case No. 07-12395 (BRL) (Bankr. S.D.N.Y. Aug 21, 2007) [Docket No. 283]; *In re Dana Corp.*, Ch. 11 Case No. 06-10354 (BRL) (Bankr. S.D.N.Y. Mar. 29, 2006) [Docket No. 740]; *In re Penn Traffic Co.*, Ch. 11 Case No. 03-22945 (ASH) (Bankr. S.D.N.Y. July 9, 2003) [Docket No. 260]; *In re Acterna Corp.*, Ch. 11 Case No. 03-12837 (BRL) (Bankr. S.D.N.Y. July 9, 2003) [Docket No. 163]; *In re Worldcomm, Inc.*, Ch. 11 Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. Dec. 10, 2002)[Docket No. 2263].

22. Here, the employment of CFGI for the purpose of continuing the employment and retention of Mr. Baum as CRO is a sound exercise of the Debtors' business judgment. Because of Mr. Baum's extensive experience as advisor for troubled companies and familiarity with the Debtors and this case, the Debtors believe that this continued retention will greatly facilitate

the Debtors' reorganization, for the benefit of the Debtors' creditors, shareholders and all parties-in-interest.

23. In view of the foregoing, the Debtors firmly believe that under section 363 of the Bankruptcy Code, the authorization to employ CFGI for the purpose of continuing to employ and retain Mr. Baum as CRO is appropriate and in the best interests of the Debtors and their estates and creditors.

**Notice**

24. Notice of this Motion will be provided to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the subchapter V trustee; (iii) the DIP Lender; (iv) any party that has requested notice pursuant to Bankruptcy Rule 2002; (v) the United States Attorney's Office for the District of Delaware; and (vi) the Internal Revenue Service.  The Debtors respectfully submit that no further notice of this Motion is required.

**No Prior Request**

25. No prior request for the relief sought in this Application has been made to this Court or any other court.

WHEREFORE, based on the facts and disclosures above, the Debtors respectfully request that the Court enter an order in the form proposed hereto as Exhibit B, granting authority to employ CFGI for the purpose of continuing to employ and retain Mr. Baum as CRO, and to provide related assistance and relief.

Dated:  April 27, 2022

_____
Flight 19, LLC, Debtors' Sole Member
By: Ian Peck

-7-